UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>YASUNA MURAKAMI; AVI CHIAT;<br>MC2 CAPITAL MANAGEMENT, LLC; MC2<br>CANADA CAPITAL MANAGEMENT, LLC;<br><br>Defendants,<br><br>And<br><br>MC2 CAPITAL PARTNERS, LLC; MC2 CAPITAL<br>VALUE PARTNERS, LLC; MC2 CAPITAL<br>CANADIAN OPPORTUNITIES FUND, LLC,<br><br>Relief Defendants | Case No. 1:17-cv-10928-IT<br><br>JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT

Defendant Avi Chiat ("Mr. Chiat") answers the numbered paragraphs of the Complaint ("Complaint") as follows:

1. Mr. Chiat denies the allegations contained in Paragraph 1 of the Complaint. Further answering, to the extent that the allegations contained in Paragraph 1 of the Complaint refer to other defendants, Mr. Chiat denies the allegations to the extent that they are deemed to refer to Mr. Chiat.

2. Mr. Chiat denies the allegations contained in Paragraph 2 of the Complaint. Further answering, to the extent that the allegations contained in Paragraph 2 of the Complaint refer to other defendants, Mr. Chiat denies the allegations to the extent that they are deemed to refer to Mr. Chiat.

3. Mr. Chiat denies the allegations contained in Paragraph 3 of the Complaint. Further answering, to the extent that the allegations contained in Paragraph 3 of the Complaint refer to other defendants, Mr. Chiat denies the allegations to the extent that they are deemed to refer to Mr. Chiat.

4. Mr. Chiat denies the allegations contained in Paragraph 4 of the Complaint. Further answering, to the extent that the allegations contained in Paragraph 4 of the Complaint refer to other defendants, Mr. Chiat denies the allegations to the extent that they are deemed to refer to Mr. Chiat.

5. Paragraph 5 of the Complaint states a request for relief to which no response is required. To the extent that Paragraph 5 of the Complaint is deemed to contain any allegations of fact, Mr. Chiat denies the allegations.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Mr. Chiat denies the allegations contained in Paragraph 8 of the Complaint. Further answering, to the extent that the allegations contained in Paragraph 8 of the Complaint refer to other defendants, Mr. Chiat denies the allegations to the extent that they are deemed to refer to Mr. Chiat.

9. Mr. Chiat denies the allegations contained in Paragraph 9 of the Complaint. Further answering, to the extent that the allegations contained in Paragraph 9 of the Complaint refer to other defendants, Mr. Chiat denies the allegations to the extent that they are deemed to refer to Mr. Chiat.

10. Mr. Chiat admits that defendant Yasuna Murakami maintained a residence in Cambridge, Massachusetts, and had been a partner and portfolio manager at MC2 Capital Management, LLC ("MC2 Capital") for some period of time since 2007. Further answering, Mr. Chiat admits that Murakami solicited investments in three hedge funds he created and managed through MC2 Capital and MC2 Canada Capital Management, LLC ("MC2 Canada"). Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and, accordingly, denies them.

11. Mr. Chiat admits that he is a resident of Wellesley, Massachusetts. Mr. Chiat admits that he was a partner and portfolio manager at MC2 Capital from August 2007 to the date of his resignation, November 30, 2014. Mr. Chiat admits that he was a manager at MC2 Canada from 2011 until the date of his resignation, November 30, 2014. Further answering, Mr. Chiat admits that, in 2007, he was registered with the Financial Industry Regulatory Authority, Inc., and the Commonwealth of Massachusetts as a registered representative of a brokerage firm. Further answering, Mr. Chiat admits that from May 2015 to April 2017, he was registered with the Commonwealth of Massachusetts as an investment adviser representative at a Cambridge, Massachusetts investment advisory firm. Further answering, Mr. Chiat admits that he is an attorney and is currently an inactive member of the Massachusetts bar. Mr. Chiat denies the remaining allegations of Paragraph 11 of the Complaint.

12. Mr. Chiat admits that MC2 Capital Management, LLC ("MC2 Capital") was a limited liability company organized on August 17, 2007, in the Commonwealth of Massachusetts, with a principal place of business in Cambridge, Massachusetts. Further answering, Mr. Chiat admits that, at the time of MC2 Capital's formation, Murakami and Mr. Chiat were the sole managers of MC2 Capital. Further answering, Mr. Chiat admits that MC2

Capital was the Managing Member of and investment adviser to MC2 Capital Partners, LLC (the "Partners Fund") and MC2 Capital Value Partners, LLC (the "Value Fund"). Further answering, Mr. Chiat states that he resigned from MC2 Capital as of November 30, 2014, and, accordingly, denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding MC2 Capital's registration with the Commission for any time after November 30, 2014. Mr. Chiat denies the remaining allegations of Paragraph 12 of the Complaint.

13. Admitted, except that Mr. Chiat states that he resigned from MC2 Capital as of November 30, 2014, and, accordingly, denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding MC2 Canada's registration with the Commission for any time after November 30, 2014.

14. Admitted, except that Mr. Chiat states that he resigned from MC2 Capital as of November 30, 2014, and, accordingly, denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding MC2 Canada's registration with the Commission for any time after November 30, 2014.

15. Admitted, except that Mr. Chiat states that he resigned from MC2 Capital as of November 30, 2014, and, accordingly, denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding MC2 Canada's registration with the Commission for any time after November 30, 2014.

16. Admitted, except that Mr. Chiat states that he resigned from MC2 Capital and MC2 Canada as of November 30, 2014, and, accordingly, denies that he managed the Canadian Fund for any time after November 30, 2014. Further answering, Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

Canadian Fund's registration status with the Commission for any time after his resignation on November 30, 2014.

17. Admitted.

18. Mr. Chiat admits the allegations contained in the first three sentences of Paragraph 18 of the Complaint. Further answering, Mr. Chiat respectfully refers the Court to the Subscription Agreement for the terms thereof.

19. Mr. Chiat admits that the Partners Fund had a Private Placement Memorandum ("PPM") which Murakami and/or Chiat provided to investors and respectfully refers the Court to the PPM for the terms thereof.

20. Mr. Chiat admits that MC2 Capital was the Managing Member of the Partners Fund and that, at the time of MC2 Capital's formation, Murakami and Mr. Chiat were the sole Managers of MC2 Capital; denies the remaining allegations of Paragraph 20 to the extent that they pertain to Mr. Chiat; and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. As Paragraph 21 of the Complaint refers to a document, no response is required, and Mr. Chiat respectfully refers the Court to the document for the contents thereof. To the extent that any further response is required, Mr. Chiat denies the allegations contained in Paragraph 21 of the Complaint.

22. Mr. Chiat admits that Murakami and Chiat raised Partners Fund investments in 2007, primarily from relatives of Chiat, and including $100,000 invested by Chiat. Further answering, Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and, accordingly, denies them.

23. Mr. Chiat admits that Murakami directed the Partners Fund's trading. Further answering, Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint, and, accordingly, denies them.

24. Denied.

25. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and, accordingly, denies them.

26. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and, accordingly, denies them.

27. Mr. Chiat denies that he conducted trades for the Partners Fund in 2008. Further answering, Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and, accordingly, denies them.

28. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and, accordingly, denies them.

29. Admitted that MC2 Capital Value Partners, LLC (the "Value Fund") was formed in August 2008 by Murakami and Mr. Chiat. Further answering, as Paragraph 29 of the Complaint refers to a document, no response is required, and Mr. Chiat respectfully refers the Court to the document for the contents thereof.

30. Mr. Chiat admits that MC2 Capital was the Managing Member of the Value Fund and that, at the time of MC2 Capital's formation, Murakami and Mr. Chiat were the sole Managers of MC2 Capital; denies the remaining allegations of Paragraph 30 to the extent that they pertain to Mr. Chiat; and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint.

31. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and, accordingly, denies them.

32. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and, accordingly, denies them.

33. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and, accordingly, denies them.

34. Mr. Chiat admits that MC2 Canada Capital Management, LLC ("MC2 Canada") was formed in 2011; that Murakami and Mr. Chiat were the managers of MC2 Canada at the time of its formation; that MC2 Canada was set up as a limited liability company in which investors could purchase a membership interest by executing a Subscription Agreement.  Further answering, Mr. Chiat states that the remaining allegations contained in Paragraph 34 of the Complaint refer to documents and respectfully refers the Court to the documents for the contents thereof.

35. Mr. Chiat admits that the Canadian Fund was a pooled investment vehicle and that MC2 Canada was the Managing Member of the Canadian Fund; denies the remaining

allegations of Paragraph 35 to the extent that they pertain to Mr. Chiat; and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Mr. Chiat admits that Murakami, Mr. Chiat, and MC2 Canada entered into an arrangement with Donville Kent Asset Management Inc. ("Donville Kent"), a Canadian asset management firm, under which Donville Kent was to manage the Canadian Fund's investments. Further answering, Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 concerning whether Donville Kent managed the Canadian Fund's investments. Further answering, Mr. Chiat states that the remaining allegations contained in Paragraph 36 of the Complaint refer to a document and respectfully refers the Court to the document for the terms thereof.

37.     As Paragraph 37 of the Complaint refers to documents, no response is required and Mr. Chiat respectfully refers the Court to the documents for the terms thereof. Further answering, to the extent that any further response is required, Mr. Chiat denies the allegations contained in Paragraph 37 of the Complaint.

38.     Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and, accordingly, denies them.

39.     Admitted, except that Mr. Chiat states that he resigned from MC2 Capital and MC2 Canada effective November 30, 2014, and, accordingly, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 regarding the management of the Canadian Fund after November 30, 2014.

40. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 regarding Donville Kent's termination of its relationship with MC2 Canada and the Canadian Fund.  Further answering, Mr. Chiat denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and, accordingly, denies them.

42. Mr. Chiat denies the allegations contained in Paragraph 42 of the Complaint.

43. Mr. Chiat denies the allegations contained in Paragraph 43 of the Complaint.

44. Mr. Chiat denies the allegations contained in Paragraph 44 of the Complaint.

45. Mr. Chiat denies the allegations contained in Paragraph 45 of the Complaint.

46. Mr. Chiat denies the allegations contained in Paragraph 46 of the Complaint.

47. Mr. Chiat admits that the Partners Fund was audited after the end of 2007 by an independent accounting firm.  Mr. Chiat denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. Mr. Chiat denies the allegations contained in Paragraph 48 of the Complaint.

49. Mr. Chiat denies the allegations contained in Paragraph 49 of the Complaint.

50. Mr. Chiat denies the allegations contained in Paragraph 50 of the Complaint.

51. Mr. Chiat denies the allegations contained in Paragraph 51 of the Complaint.

52. Mr. Chiat denies the allegations contained in Paragraph 52 of the Complaint.

53. Mr. Chiat denies the allegations contained in Paragraph 53 of the Complaint.

54. Mr. Chiat denies the allegations contained in Paragraph 54 of the Complaint.

55. Mr. Chiat denies the allegations contained in Paragraph 55 of the Complaint.

56. Mr. Chiat denies the allegations contained in Paragraph 56 of the Complaint.

57. Mr. Chiat denies the allegations contained in Paragraph 57 of the Complaint.

58. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and, accordingly, denies them.

59. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and, accordingly, denies them.

60. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and, accordingly, denies them.

61. Mr. Chiat denies the allegations contained in Paragraph 61 of the Complaint.

62. Mr. Chiat denies the allegations contained in Paragraph 62 of the Complaint.

63. Mr. Chiat denies the allegations contained in Paragraph 63 of the Complaint.

64. Mr. Chiat denies the allegations contained in Paragraph 64 of the Complaint.

65. Mr. Chiat denies the allegations contained in Paragraph 65 of the Complaint.

66. Mr. Chiat denies the allegations contained in Paragraph 66 of the Complaint.

67. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and, accordingly, denies them.

68. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and, accordingly, denies them.

69. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and, accordingly, denies them.

70. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and, accordingly, denies them.

71. Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, accordingly, denies them.

72. Mr. Chiat denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and, accordingly, denies them.

73. Mr. Chiat denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and, accordingly, denies them.

74. Mr. Chiat denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and, accordingly, denies them.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Mr. Chiat denies the allegations contained in the first sentence of Paragraph 81 of the Complaint. Further answering, Mr. Chiat denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 81, and, accordingly, denies them.

82. Mr. Chiat denies the allegations contained in Paragraph 82 of the Complaint and respectfully refers the Court to the documents referenced therein for the contents thereof.

83. Mr. Chiat states that Paragraph 83 of the Complaint refers to a document and respectfully refers the Court to the document for the contents thereof. Further answering, Mr. Chiat denies the remaining allegations contained in Paragraph 83 of the Complaint.

84. Mr. Chiat denies the allegations contained in Paragraph 84 of the Complaint.

85. Mr. Chiat denies the allegations contained in Paragraph 85 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Violation of Section 10(b) of the Exchange Act and Rule 10b-5)**
**(All Defendants)**

86. Mr. Chiat restates and incorporates by reference his responses set forth above in Paragraphs 1 through 85.

87. Denied.

88. Denied.

**SECOND CLAIM FOR RELIEF**
**(Violation of Section 17(a) of the Securities Act)**
**(All Defendants)**

89. Mr. Chiat restates and incorporates by reference his responses set forth above in Paragraphs 1 through 88.

90. Denied.

91.     Denied.

## THIRD CLAIM FOR RELIEF
### (Violation of Sections 206(1) and 206(2) of the Advisers Act)
### (All Defendants)

92.     Mr. Chiat restates and incorporates by reference his responses set forth above in Paragraphs 1 through 91.

93.     Mr. Chiat denies the allegations contained in Paragraph 93 of the Complaint.

94.     Mr. Chiat denies the allegations contained in Paragraph 94 of the Complaint.

95.     Mr. Chiat denies the allegations contained in Paragraph 95 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Violation of Sections 206(4) of the Advisers Act and Rule 206(4)-8 Thereunder)
### (All Defendants)

96.     Mr. Chiat restates and incorporates by reference his responses set forth above in Paragraphs 1 through 95.

97.     Mr. Chiat denies the allegations contained in Paragraph 97 of the Complaint.

98.     Mr. Chiat states the allegations contained in Paragraph 98 of the Complaint state legal conclusions to which no response is required.  To the extent that any allegations in Paragraph 98 require a further response, Mr. Chiat denies the allegations.

99.     Mr. Chiat denies the allegations contained in Paragraph 99 of the Complaint.

100.    Mr. Chiat denies the allegations contained in Paragraph 100 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Aiding and Abetting Violations of Sections 206(1), (2) & (4)
### and Rule 206(4)-8 thereunder)
### (Murakami and Chiat)

101.    Mr. Chiat restates and incorporates by reference his responses set forth above in Paragraphs 1 through 100.

102.    Mr. Chiat denies the allegations contained in Paragraph 102 of the Complaint.

103.   Mr. Chiat denies the allegations contained in Paragraph 103 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (Other Equitable Relief, Including Unjust Enrichment)
### (Relief Defendants)

104.   Mr. Chiat restates and incorporates by reference his responses set forth above in Paragraphs 1 through 103.

105.   Mr. Chiat states the allegations contained in Paragraph 105 of the Complaint state legal conclusions to which no response is required.  To the extent that any allegations in Paragraph 105 require a response, Mr. Chiat denies the allegations.

106.   Denied.

107.   Denied.

The remaining paragraphs of the Complaint set forth a prayer for relief to which no response is required.  To the extent that they are deemed to contain any allegations of fact, Mr. Chiat denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Mr. Chiat are barred by the applicable statutes of limitation and/or repose.

*[Remainder of this page intentionally left blank.]*

Respectfully submitted,

**AVI CHIAT**

By his attorneys,

*/s/ John F. Sylvia*
John F. Sylvia, BBO #555581
Rebecca L. Zeidel, BBO #684697
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000
jfsylvia@mintz.com
rlzeidel@mintz.com

Dated:  July 14, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2017, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ John F. Sylvia*
John F. Sylvia

70648424v.1