UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>YASUNA MURAKAMI; AVI CHIAT;<br>MC2 CAPITAL MANAGEMENT, LLC; MC2<br>CANADA CAPITAL MANAGEMENT, LLC;<br><br>Defendants,<br><br>And<br><br>MC2 CAPITAL PARTNERS, LLC; MC2 CAPITAL<br>VALUE PARTNERS, LLC; MC2 CAPITAL<br>CANADIAN OPPORTUNITIES FUND, LLC,<br><br>Relief Defendants | Case No. 1:17-CV-10928-IT |

**JUDGMENT AS TO DEFENDANTS YASUNA MURAKAMI, MC2 CAPITAL MANAGEMENT, LLC; AND MC2 CANADA CAPITAL MANAGEMENT, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants Yasuna Murakami, MC2 Capital Management, LLC, and MC Canada Capital Management, LLC ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate

2

commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 206(1), (2), and (4) of the Advisers Act, [15 U.S.C. §§ 80b-6(1), (2), & (4)], and Rule 206(4)-8 thereunder, [15 C.F.R. § 275.206(4)-8] as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or directly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

    (d)    as an investment adviser to a pooled investment vehicle, to make any untrue statement of a material fact or to omit to state a material fact necessary to make thes statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle, or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Murakami is permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity he owns and or controls, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Murakami from purchasing or selling securities for his own personal accounts.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable for disgorgement of $6,940,922.42, representing profits gained as a result

of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $987,179.24, for a total of $7,928,101.66. This obligation is deemed satisfied by the criminal order of restitution in *United States v. Murakami*, Crim. No. 17-10346-DPW (D. Mass.).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to, in connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party,

    (a)    appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice;

    (b)    accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff;

    (c)    appoint Defendants' undersigned attorney as agent to receive service of such notices and subpoenas;

    (d)    with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and

(e)     consents to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: *August 6, 2018*

_____
UNITED STATES DISTRICT JUDGE