UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| V. | * * | Civil Action No. 17-CV-10928-IT |
| YASUNA MURAKAMI; AVI CHIAT; MC2 CAPITAL MANAGEMENT, LLC, MC2 CANADA CAPITAL MANAGEMENT, LLC; | * * * * * | |
| Defendants, | * * | |
| AND | * * | |
| MC2 CAPTIAL PARTNERS, LLC; MC2 CAPITAL VALUE PARTNERS, LLC; MC2 CAPITAL CANADIAN OPPORTUNITIES FUND, LLC, | * * * * * | |
| Relief Defendants. | * | |

**FINAL JUDGMENT**

The Securities and Exchange Commission ("SEC") having filed a Complaint, the court having previously entered a separate Judgment as to Defendants Yasuna Murakami, MC2 Capital Management, LLC, and MC2 Canada Capital Management, LLC, the SEC having dismissed its claims against relief defendants, and Defendant Avi Chiat ("Chiat") having entered a general appearance; consented to the Court's jurisdiction over Chiat and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Chiat is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Chiat's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chiat or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Chiat is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Chiat's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chiat or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Chiat is permanently restrained and enjoined from violating Section 206(1), (2), and (4) of the Advisers Act, [15 U.S.C. §§ 80b-6(1), (2), & (4)], and Rule 206(4)-8 thereunder, [15 C.F.R. § 275.206(4)-8] as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or directly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

(d) as an investment adviser to a pooled investment vehicle, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle, or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Chiat's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chiat or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Chiat is permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity he owns and or controls, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Chiat from purchasing or selling securities for his own personal accounts.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Chiat is liable for disgorgement of $300,540.44, representing profits gained as a result of the conduct

4

alleged in the Complaint, together with prejudgment interest thereon in the amount of $44,618.22, and a civil penalty in the amount of $184,767, for a total of $529,925.66. Chiat shall satisfy this obligation by paying $529,925.66 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment.

Chiat may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Chiat may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Chiat as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Chiat shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Chiat relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Chiat.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Chiat shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Chiat shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Chiat's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Chiat shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Chiat by or on behalf of one or more investors

based on substantially the same facts as alleged in the Complaint in this action.

VI.

Chiat shall pay the total of disgorgement, prejudgment interest, and penalty due of $529,925.66 within 14 days of entry of this Final Judgment, or in two installments to the Commission according to the following schedule: (1) $495,158.66 within 14 days of entry of this Final Judgment; (2) $34,767 within one year of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Chiat shall contact the staff of the Commission for the amount due for the final payment.

If Chiat fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Chiat shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to, in connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party,

(a) appear and be interviewed by Commission staff at such times and places as the staff

requests upon reasonable notice;

(b) accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff;

(c) appoint Chiat's undersigned attorney as agent to receive service of such notices and subpoenas;

(d) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Chiat's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and

(e) consents to personal jurisdiction over Chiat in any United States District Court for purposes of enforcing any such subpoena.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Chiat, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Chiat under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Chiat of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 21, 2019

_____
UNITED STATES DISTRICT JUDGE